LATHAM & WATKINS LLP
  Daniel Scott Schecter (Bar No. 171472)
  *daniel.schecter@lw.com*
  Leigh Richart (Bar No. 287697)
  *leigh.richart@lw.com*
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Plaintiff PT MULIA Graha Tatalestari

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PT MULIA Graha Tatalestari, a corporation organized under the laws of the Republic of Indonesia<br><br>    Plaintiff,<br><br>  v.<br><br>RODRIGO Vargas DESIGN, an entity of unknown form; RODRIGO Vargas, an individual doing business as RODRIGO Vargas DESIGN,<br><br>    Defendants. | **CASE NO. CV13-03727-CAS**<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>The Honorable Christina A. Snyder |

1      WHEREAS, PT MULIA Graha Tatalestari ("Mulia" or "Plaintiff") has
2  brought claims against Rodrigo Vargas and Rodrigo Vargas Design (collectively
3  "Vargas" or "Defendant") for false designation of origin, trademark infringement,
4  unfair competition, trademark dilution and breach of contract;
5      WHEREAS, on July 2, 2013 Vargas filed counterclaims against Mulia for
6  breach of contract, book account, account stated and conversion;
7      WHEREAS, Mulia and Vargas have agreed to resolve their claims by
8  entering into this final Consent Judgment and Permanent Injunction, as the sole and
9  final written expression of their dispute, and by executing this document, expressly
10 agree to be bound by its terms.
11     Now, therefore, the Court deeming it proper to do so, it is ORDERED,
12 ADJUDGED, and DECREED as follows:
13     1. Vargas expressly consents to immediate entry of a permanent injunction as
14 set forth in the following paragraph, and expressly agrees to immediately cease and
15 desist from any of the following conduct or activities prohibited by the court's
16 injunction.
17     2. Vargas, its officers, agents, servants, employees, parents, subsidiaries and
18 related companies, and those persons in active concert or participation with any of
19 them who receive actual notice of this Consent Judgment, are hereby enjoined and
20 barred from engaging in any or all of the following:
21         A. Using on a website and/or marketing materials or any other material
22     connected with Vargas' business (including, without limitation, Facebook, social
23     media such as Twitter, or emails), or referencing in any way: (a) Mulia or its
24     affiliates or any of its projects, particularly Mulia Bali; (b) the Mulia logo; (c)
25     any link to a Mulia Group website (including, without limitation,
26     www.themulia.com); and (d) any depiction or rendering (purported or actual) of
27     a Mulia project, or any sketch or rendering that purportedly was provided to or

used by Mulia Group for any of its projects.

      B. Engaging in any conduct that is likely to mislead third parties that Vargas has any affiliation with Mulia or the Mulia Bali, or that Vargas or its work are in any way endorsed, authorized or approved by, Mulia.

3. Vargas shall refrain from any of the conduct outlined in the preceding paragraph in all forms, whether verbally, in writing, in the media and/or in any form of communication, including via the Internet and/or through forms of social media.

4. In the event that Vargas and/or any of its agents, representatives, or employees violates this permanent injunction, following a motion brought on notice pursuant to Local Rule 7-4, judgment shall be entered against Vargas in favor of Mulia in the amount of $100,000.00 per violation, plus Mulia's attorneys' fees and costs in connection with entry, execution, and enforcement of such a money judgment.

5. Subject to the terms and conditions of this Consent Judgment and Permanent Injunction, the counterclaims of Vargas against Mulia set forth in the Answer and Counterclaim (Docket Nos. 14 and 15) (the "Counterclaims") are hereby dismissed without prejudice. To the extent Vargas seeks to assert any of the Counterclaims in the future, they must be asserted in a separate action. Moreover, Vargas may not assert any of the Counterclaims as a counterclaim, defense or offset in any action or proceeding by Mulia to enforce and/or otherwise arising under or in connection with this Consent Judgment and/or based on any violation or use of Mulia's trademark, brand or mark contrary to Vargas's undertakings above.

6. This Court shall retain jurisdiction over this matter for the purpose of enabling any party to this action to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or enforcement of the provisions, and for the punishment of violations, of this Consent Judgment and Permanent Injunction.

Dated: September 16, 2013          Respectfully submitted,

LATHAM & WATKINS LLP
  Daniel Scott Schecter
  Leigh Richart


By   /s/ Daniel S. Schecter            
    Daniel Scott Schecter
Attorneys for Plaintiff PT MULIA Graha Tatalestari

Dated: September 11, 2013          Law Office of Peter C. Bronstein


By \s/ Peter C. Bronstein            
    Peter C. Bronstein
Attorney for Defendants Rodrigo Vargas and Rodrigo Vargas Design

Dated: September 3, 2013           Rodrigo Vargas


By    /s/ Rodrigo Vargas            
    Rodrigo Vargas
Individually and on behalf of Rodrigo Vargas Design

\* \* \* \* \*

**IT IS SO ORDERED.**

Dated: September 18, 2013        By _____
                                  The Honorable Christina A. Snyder
                                  United States District Judge

CONSENT JUDGMENT AND PERMANENT INJUNCTION

4